**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Jul 17 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREW J. BORLAND**
Borland & Gaerte
Indianapolis, Indiana

**RUTH JOHNSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL BERTHIAUME, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1111-CR-1018 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Teresa Hall. Commissioner
Cause No. 49G16-1107-FD-53323

**July 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, Michael Berthiaume appeals his convictions of strangulation, a Class D felony, and battery, a Class A misdemeanor. Berthiaume raises one issue for our review, which we restate as: whether sufficient evidence was presented to support his convictions for strangulation and battery. Concluding the evidence was sufficient, we affirm.

## Facts and Procedural History

Berthiaume and Lisa Spangler lived together in Indianapolis, Indiana, for approximately two months. On July 27, 2011, Spangler returned to the house from selling a ring at a pawn shop to Berthiaume's yelling, screaming, threats, and accusations of stealing Berthiaume's pills and money. Berthiaume told Spangler that she was not going anywhere until she gave him his pills and money. Spangler eluded Berthiaume and ran out the back door to the driveway. Berthiaume ran after Spangler, wrapped his arm around her throat, and began to choke her. Spangler could not breathe and became lightheaded. She panicked and bit into Berthiaume's arm which caused him to release her. Berthiaume retaliated by punching Spangler in the mouth, knocking out her right front tooth, and causing her to fall to the ground and become unconscious. Her right arm was injured in the fall.

Spangler regained consciousness to Berthiaume kicking her in the ribs, breast, and stomach. She got up, ran back to the house, and attempted to close the door when Berthiaume entered behind her. Spangler escaped and ran to her car, which was parked in front of the house. She got into the car, locked the doors, and started the car. Berthiaume ran after her, and started hitting the driver's window as he yelled at Spangler

to get out of the car. Spangler drove away, went to work where Berthiaume also worked, and told the employees what Berthiaume had done to her. Berthiaume arrived at work within a few minutes after Spangler and entered the building yelling that he was going to send Spangler back to jail. One of the employees called the police but Berthiaume left before the police arrived.

A police officer arrived, took Spangler's statement, and had an evidence technician take photos of Spangler's injuries, including bruising and injury on her right arm; bruises and marks on her neck; and loss of her right-front tooth. The State charged Berthiaume with four counts: strangulation, criminal confinement, domestic battery, and battery. The domestic battery charge was dismissed before trial.[1] The trial court found Berthiaume guilty of strangulation, a Class B felony, and battery, a Class A misdemeanor, and not guilty of criminal confinement. He was sentenced to 730 days for strangulation, to be served concurrently with 365 days for battery. Berthiaume now appeals his convictions.

Discussion and Decision

I. Standard of Review

Berthiaume contends there was insufficient evidence to support his convictions of strangulation and battery because his convictions were based on the incredibly dubious testimony of Spangler, the sole witness and victim. In general, when reviewing a challenge to the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. Ware v. State, 859 N.E.2d 708, 724

---

[1] The domestic battery charge was dismissed once the State established that Spangler and Berthiaume were just roommates and not involved in a domestic relationship.

(Ind. Ct. App. 2007), <u>trans. denied</u>. We consider the evidence in a light most favorable to the conviction. <u>Drane v. State</u>, 867 N.E.2d 144, 146 (Ind. 2007). We must affirm the conviction if the evidence of probative value and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find all elements of the crime proven beyond a reasonable doubt. <u>McHenry v. State</u>, 820 N.E.2d 124, 126 (Ind. 2005).

Pursuant to the narrow limits of the "incredible dubiosity" rule, however, "[i]f a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence," we may impinge upon a fact finder's role to judge the credibility of a witness. <u>Love v. State</u>, 761 N.E.2d 806, 810 (Ind. 2002). "Application of this rule is rare and . . . applied [if] the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." <u>Id.</u>

## II. Evidence of Strangulation and Battery

To convict Berthiaume of strangulation, the State was required to prove beyond a reasonable doubt that Berthiaume knowingly or intentionally, in a rude, angry, or insolent manner, impeded Spangler's normal breathing or blood circulation by applying pressure to her throat or neck. <u>See</u> Ind. Code § 35-42-2-9(b). Further, to convict Berthiaume of battery as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Berthiaume knowingly or intentionally touched Spangler in a rude, insolent, or angry manner, resulting in bodily injury to Spangler. <u>See</u> Ind. Code § 35-42-2-1(a) (1)(A).

Berthiaume argues that Spangler's testimony was incredibly dubious because her testimony was a disorganized and rambling version of the incidents. Berthiaume further claims that because the trial court found Spangler's testimony about the alleged criminal

4

confinement to be inconsistent, <u>all</u> of her testimony should be discounted. He also asserts that Spangler's testimony is the only evidence that he committed battery and strangulation against Spangler.

We disagree and conclude that the incredible dubiosity rule is not applicable in this case. As previously stated, we will only apply the incredible dubiosity rule when the sole witness's testimony is inherently contradictory and there is a complete lack of circumstantial evidence proving the offender's guilt. Here, in addition to Spangler's testimony, there is circumstantial evidence from the pictures taken by the evidence technician after the incident illustrating bruises and marks around Spangler's neck which is consistent with strangulation; blood, bruising, and a missing tooth which is consistent with being punched in the mouth by Berthiaume; and bruises and injury to Spangler's arm which is consistent with her claim that she fell after being punched and losing consciousness. Further, Berthiaume's own testimony corroborates Spangler's testimony by confirming the altercation and providing pictures of a mark on his arm, minor bruising on his leg, and a red mark on the left side of his neck.

We acknowledge, as Berthiaume points out, that the trial court found him not guilty of the criminal confinement charge because there were "holes" in Spangler's testimony about that charge. Transcript at 111. That Spangler's testimony was insufficient to prove the required elements of criminal confinement does not render her testimony inherently improbable as a whole. The trial court also found that Spangler's testimony regarding the strangulation and battery was supported by the photographic evidence of her physical condition following the incident and that Berthiaume's testimony attempting to portray Spangler as the aggressor "just went too far" and was

5

"not . . . credible whatsoever." Id. The trial court carefully parsed and evaluated the testimony and it was within its province to do so. We conclude sufficient evidence was presented to support Berthiaume's convictions of battery and strangulation.

## Conclusion

The incredible dubiosity rule is not applicable in this case. Sufficient evidence supports Berthiaume's convictions of battery and strangulation and his convictions are therefore affirmed.

Affirmed.

BAILEY, J., and BAKER, J., concur.